IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEVANCE D. PINKINS, #224802, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-132-WHA |
| | ) | (WO) |
| | ) | |
| THE STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Defenants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Levance D. Pinkins ("Pinkins"), a state inmate and frequent federal litigant.  In the complaint, Pinkins challenges the constitutionality of actions taken by the state appellate courts in denying his most recent state post-conviction petition seeking relief from his convictions for sodomy, burglary and sexual abuse imposed upon him in April of 1999 by the Circuit Court of Barbour County, Alabama.[1]

**II.  DISCUSSION**

Upon initiating this case, Pinkins did not pay the $350.00 filing fee and attendant

_____

[1]Pinkins recently filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in which he presented the same claim for relief.  *See Pinkins v. Jones, et al.*, Civil Action No. 2:15-CV-917-MHT-WC (M.D. Ala. 2016). This court summarily denied the petition as it constituted Pinkins's fourth attempt to challenge his 1999 Barbour County convictions through a § 2254 petition and "the required permission has not been obtained from the Eleventh Circuit Court of Appeals."  *Id. - Judgment of the Court - Doc. No. 7.*

$50 administrative fee, nor did he file an application for leave to proceed *in forma pauperis*. In cases with these deficiencies, the usual practice of this court is to enter an order advising the plaintiff that he must pay the full filing fee and concomitant administrative fee or submit an application to proceed *in forma pauperis*. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2] Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Federal court records establish that Pinkins, while incarcerated or detained, has on at least five occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C.

---

[2]In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.), *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

§ 1915 as frivolous.  The actions on which this court relies in finding a § 1915(g) violation by Pinkins include:  (1) *Pinkins v. Pryor, et al.*, Civil Action No. 2:00-CV-1653-MHT (M.D. Ala. 2001); (2) *Pinkins v. Ala. Supreme Court Clerk's Office*, Civil Action No. 2:01-CV-1363-WHA (M.D. Ala. 2001); (3) *Pinkins v. Att'y Gen. for the State of Ala., et al.*, Civil Action No. 2:02-CV-8-MHT (M.D. Ala. 2002); (4) *Pinkins v. United States of America, et al.*, Civil Action No. 2:02-CV-2931-JHH (N.D. Ala. 2003); and (5) *Pinkins v. United States of America, et al.*, Civil Action No. 2:04-CV-1291-LSC (N.D. Ala. 2006).

In the instant complaint, Pinkins challenges adverse decisions issued in 2015 by the Alabama Court of Criminal Appeals and the Alabama Supreme Court denying him relief on a Rule 32 petition attacking the constitutionality of his burglary, sodomy and sexual abuse convictions.  These allegations utterly and completely fail to demonstrate that Pinkins was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g).); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'").  Thus, even if the court

provided Pinkins an opportunity to seek *in forma pauperis* status and he then sought such treatment, he could not proceed *in forma pauperis* in this cause of action due to his violation of the "three strikes" provision of 28 U.S.C. § 1915(g).

Based on the foregoing, the court concludes that this case is due to be summarily dismissed without prejudice as Pinkins failed to pay the requisite filing and administrative fees upon his initiation of this case. *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the filing and administrative fees upon initiation of this case.  It is further

ORDERED that on or before March 17, 2016 the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the

Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 3rd day of March, 2016.


/s/   Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE